Dear Mayor Baughman:
You have requested an opinion of this office regarding the authority to change the zoning of property in the Town of Farmerville. Specifically, you ask whether the zoning commission has the authority to unilaterally make a zoning change, or whether the zoning commission merely makes a recommendation to the Town Council, which has the ultimate authority to enact the zoning change.
For the reasons that follow, we conclude that any proposed zoning change must be submitted to the municipal planning commission, exercising its duties as the de jure zoning commission, whose authority is limited to making a recommendation on the proposed zoning change to the Town Council. The Town Council has the ultimate authority to approve or disapprove a proposed zoning change recommended by the planning commission. Should the planning commission recommend against a zoning change, the Town Council may override the recommendation and approve the zoning change by a vote of two-thirds of the members of the Town Council.
The Town of Farmerville is organized pursuant to Legislative Charter. Acts 1948, No. 37. The Town Council is the governing body, and wields the legislative powers of the town:
 The affairs of the corporation shall be conducted and managed by the mayor and the board of aldermen to be styled "the council," which shall be the governing body of the town with power and authority to pass additional by-laws and ordinances to those now in force for the government of said town. . . . *Page 2 
The Code of Ordinances of Farmerville, Louisiana ("Code"), Part I, Sec. 3.[1] No other entity has the power to enact or amend ordinances for the Town.
Your opinion request letter refers to a "Zoning Commission," but our research reveals no provision in the Farmerville Code for the appointment of a zoning commission. The Code does establish, however, a municipal planning commission in accordance with state law, which commission is also referred to in the ordinances as the "planning commission." Code, Part II, Sec. 11-1. The zoning ordinance grants to the planning commission duties and powers normally vested in a zoning commission. Code, Appendix A, Articles I and XIV. This is in accord with the State law that authorizes municipalities to establish municipal planning commissions, which states that any such commission also acts as the de jure zoning commission for the municipality:
 Where a municipal planning commission has been established under the authority of this Subpart, it shall also serve as a municipal zoning commission, and when acting as such, it shall hold separate meetings with separate minutes and records.
La.R.S. 33:106(D); see also La.R.S. 33:4727(C) ("Where a municipal planning commission exists it shall be the zoning commission.") For purposes of this opinion, we therefore presume that the zoning commission referenced in your request letter is in fact the municipal planning commission, duly appointed in accordance with Section 11-1 of the Code, acting in its capacity as the dejure zoning commission.
The establishment of zoning regulations is a legislative function, and the local governing body with zoning authority has the power to amend, supplement, change, modify, or repeal existing zoning ordinances. Palermo Land Co., Inc. v. Planning Commission ofCalcasieu Parish, 561 So.2d 482, 491 (La. 1990). As noted above, the legislative powers of the Town of Farmerville rest with the Town Council, i.e., the mayor and the board of aldermen. Code, Part I, Sec. 3. These powers specifically include the authority to establish zoning ordinances:
 [The council shall have the right] to establish zones or districts, according to state requirements, for residences, places of business and manufacturing enterprises within the town.
Code, Part I, Sec. 20. The council's authority to establish zoning regulations flows from the police power of the municipality: *Page 3 
 The authority of the Mayor and Board of Aldermen . . . to adopt and amend zoning regulations for that municipality is derived from the police power which is vested in that body.
Hardy v. Mayor and Board of Aldermen, City of Eunice,348 So.2d 143, 147 (La.App. 3d Cir. 1977).
The zoning ordinance itself is comprised of the regulations set forth in Appendix A to the Code and the official zoning map. Code, App. A, Sec. 1.01. The zoning of any particular property is therefore part of the zoning ordinance, which by its very nature can only be amended by the town council:
 The legislative body may, from time to time, amend, supplement, or change the regulations, restrictions, or boundaries herein or subsequently established.
Code, App. A, Sec. 14.01; see also Code, Part I, Sec. 3 Sec. 20. It is therefore apparent that the Town Council, not the planning commission, has the power to establish and to change the zoning of property within the Town of Farmerville
The authority of the town council to amend the zoning ordinance is nevertheless limited by the procedures set forth in Article XIV of the zoning ordinance. Code, App. A, Sec. 14.01 — 14.04. Any proposed change must be first submitted to the planning commission:
 No amendment shall become effective unless it be first submitted to and approved by the Planning Commission, or, if disapproved, shall receive the favorable vote of not less than two-thirds of the entire membership of the legislative body.
Id. In Thomas v. Janzen, 35-288 (La.App. 2 Cir. 10/31/01), 800 So.2d 81, the court considered a similar issue for the Town of Benton, which had adopted a nearly identical procedure for amending the zoning ordinance.[2] TheThomas court confirmed that the *Page 4 
authority to make a zoning change rests with the Town Council, and the role of the planning commission is advisory in nature:
 The MPC [municipal planning commission] merely considers the proposal and makes a recommendation; it is within the sole province of the Board of Aldermen whether or not an ordinance shall be enacted.
Id. at 88. The court likewise observed that the town council needed a two-thirds majority to adopt an amendment to the zoning ordinance if the planning commission recommended denial of the amendment. Id. at 90. Thus the role of the planning commission is limited to making a recommendation on proposed zoning changes, and submitting its recommendation to the Town Council for consideration.
We have reviewed the Code of Ordinances for some authority for the proposition that the planning commission would have unilateral authority to effect a zoning change. One might interpret the final sentence of Section 1.03 of the zoning ordinance to mean that the planning commission has the "final authority" to make zoning changes:
 The final authority as to the current zoning status of lands, buildings, and other structures shall be located in the office of the planning commission.
Code, App. A, Sec. 1.03.[3] A fair reading of the entirety of Section 1.03, however, reveals that the "authority" referenced in that last sentence does not refer to the powers of the planning commission, but in fact refers to the official zoning map that is physically located in the office of the planning commission.Id. Once an amendment has been *Page 5 
made to the zoning ordinance and has been reflected on the official map, the chair of the Farmerville Planning Commission has the duty to record the change on the official zoning map located in the office of the commission. Id. In fact, Section 1.03 confirms at two different places that the amendment to the zoning map is approved by the town council: first in directing that the map be changed "promptly after the amendment has been approved by the legislative body of the municipality," and second in establishing that the time delays for changing the official map begin "after such an amending ordinance is adopted by the town council." Id. The map itself, located in the office of the planning commission, is the "final authority" referred in Section 1.03, not the planning commission.
It is therefore the opinion of this office that any proposed zoning change for property within the Town of Farmerville must be submitted to the municipal planning commission, exercising its duties as the de jure zoning commission, whose authority is limited to making a recommendation on the proposed zoning change to the Town Council. The Town Council has the ultimate authority to approve or disapprove a proposed zoning change recommended by the planning commission. Should the municipal planning commission recommend against a zoning change, the Town Council may override the recommendation and approve the zoning change by a vote of two-thirds of the members of the Town Council.
We trust that this opinion adequately responds to your request, and thank you for the opportunity to be of service. If you have any questions or comments, please do not hesitate to contact our office.
 Sincerely yours,
 JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 BY:__________________________ Charles W. Belsom, Jr. Assistant Attorney General
 JDC:CWB:Irs
[1] The Code of Ordinances of Farmerville, Louisiana was adopted on July 8, 1985 by virtue of Ordinance 6-85, and consists of the Charter at Part I, the Code of Ordinances at Part II, the Zoning Ordinances at Appendix A, and various ordinances enacted since the effective date of the Code. Code, p. vii-xi.
[2] The zoning amendment ordinance at issue in Thomas,supra, read as follows:
 The zoning ordinance, including the map or maps, may from time to time be amended; but no amendment shall become effective unless it be first submitted to the planning commission and approved by it, or if disapproved, receive the favorable vote of not less than two-thirds of the entire membership of the Village Council or the Police Jury, as the case may be.
Thomas, supra at 90.
[3] The full text of Section 1.03 of Appendix A to the Farmerville Code reads:
 Sec. 1.03. Changes in the zoning map.
 Changes made in the district boundaries or other matter portrayed on the official zoning map in accordance with the provision of this ordinance shall be made on the official zoning map promptly after the amendment has been approved by the legislative body of the municipality. It will be the duty of the town clerk, or secretary, to file with the chairman of the Farmerville Planning Commission a copy of the ordinance amending the official zoning map within five (5) days after such an amending ordinance is adopted by the town council. It will be the duty of the chairman to have recorded the district boundary change on the official zoning map, together with the number of the amending ordinance and the date of its passage, within five (5) days after the amending ordinance has been transmitted to him by the town clerk or secretary. Any amendment involving changes in the district boundaries or involving a change in the zoning classification of the land shall not become effective until after such an entry has been made on said map. The final authority as to the current zoning status of lands, buildings, and other structures shall be located in the office of the planning commission.
Code, App. A, Sec. 1.03.